IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN YOUNG, Petitioner, vs. WHEELOCK, and STATE OF NEBRASKA, Respondents. | 8:24CV79 MEMORANDUM AND ORDER |

This matter is before the Court on preliminary review of Petitioner Marvin Young's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 on February 27, 2024. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner failed to include the $5.00 filing fee. While Petitioner included a request to proceed in forma pauperis in his petition, his request does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Petitioner has the choice of either submitting the $5.00 filing fee to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days may result in the Court dismissing this case without further notice to Petitioner.

Second, Petitioner has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Indeed, the petition is not signed at all by Petitioner. Rather, it appears the petition was delivered to the Court by Petitioner's mother, Earnestine Williams Newson. *See* Filing No. 1 at 1, 4. If Petitioner did not file this petition and/or does not wish to proceed with this § 2254 habeas petition, he should inform the Court within 30 days.

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he (or someone purportedly acting on his behalf) submitted a three-page, handwritten document that does not clearly indicate the judgment challenged or the grounds upon which Petitioner seeks habeas relief.

Finally, Petitioner has named improper respondents in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named a judge, "Wheelock," and the State of Nebraska as respondents in this matter, neither of whom is a proper respondent. As

Petitioner is in the custody of the Nebraska Department of Correctional Services ("NDCS"), Rob Jeffreys, the director of the NDCS, would be the proper Respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus if he wishes to proceed with this case. Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

To be clear, if Petitioner wants to proceed with this case, Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the Form AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. If Petitioner fails to take any action within 30 days, the Court will dismiss this case without prejudice and without further notice to Petitioner.

IT IS THEREFORE ORDERED that:

1. The pending petition, Filing No. 1, is deemed insufficient and the Court will not act upon it. If Petitioner did not file this petition and/or does not wish to proceed with this § 2254 habeas petition, he should inform the Court by **April 5, 2024**.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he must file an amended petition for writ of habeas

3

corpus that is originally signed under penalty of perjury no later than **April 5, 2024,** unless the Court extends the time in which he has to amend in response to a written motion. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus. Petitioner is encouraged to use the enclosed official Form AO 241 if he files an amended petition.

3. Petitioner also shall no later than **April 5, 2024,** submit the $5.00 filing fee to the Clerk's office or submit a request to proceed in forma pauperis if he intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit"), the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus"), and a copy of Filing No. 1.

6. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:24CV79).

7. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **April 5, 2024**: Check for MIFP or payment and amended petition.

Dated this 6th day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5