IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVIN YOUNG,

                            Petitioner,                                    **8:24CV79**

              vs.

WHEELOCK, and  STATE OF NEBRASKA,                         **MEMORANDUM AND ORDER**

                            Respondents.

        This matter is before the Court on Petitioner Marvin Young's ("Young") Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, and Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Filing No. 4, filed on April 15, 2024, and an unsigned interlocutory appeal (the "Appeal"), Filing No. 6, that was hand-delivered to the Court by someone other than Young on April 16, 2024.  The Court's records reflect that the $5.00 filing fee was paid on April 15, 2024, so Young's motion to proceed in forma pauperis will be denied as moot.  For the reasons that follow, this matter will not proceed further until Young cures the deficiencies in the Amended Petition and the Appeal identified below.

## I.  BACKGROUND

        On February 27, 2024, a habeas petition was delivered to the Court on Young's behalf by his mother, Earnestine Williams Newson.  Filing No. 1 at 1, 4.  On March 6, 2024, the Court conducted a preliminary review of the petition and determined it was deficient for several reasons, including the lack of Young's signature under the penalty of perjury.  Filing No. 3.  The Court directed Young to inform the Court if he did not file the petition and/or does not want to proceed with this action or, alternatively, to file an

amended petition if he wished to proceed with this action as one brought pursuant to 28 U.S.C. § 2254.  Filing No. 3 at 3.

On April 15, 2024, Young submitted an Amended Petition, Filing No. 4, and a Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, which he mailed from his institution.  Young's Amended Petition contains responses to the background questions regarding his conviction and postconviction proceedings, but the remainder of the Amended Petition is blank, does not allege any grounds for habeas relief, and is unsigned by Young.  Filing No. 4.

On April 16, 2024, one day after Young filed his Amended Petition, the Appeal was hand-delivered to the Court by a woman.  The Appeal states, "We appeal all of order of of [sic] 3-6-24," but it is not signed by Young; rather, "Young" is printed on a purported signature line.  The handwriting in the Appeal does not look like Young's handwriting in his Amended Petition, *compare* Filing No. 4 *with* Filing No. 6, but it does look like the handwriting of Billy Tyler, a frequent pro se litigant in this Court, *compare* Filing No. 6 *with* Filing No. 11, Case No. 8:23CV220.

## II.  AMENDED PETITION

This matter cannot proceed on the Amended Petition as it is deficient.  First, Young has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Second, Young has not listed any grounds for habeas relief.  That is, he has not alleged any ground on which he claims he is being held in violation of the Constitution or laws of the United States.  *See* Filing No. 4 at 5–10 (spaces provided for Grounds One through Four left blank).  Lastly, Young has again

failed to name a proper respondent in his Amended Petition or any respondent for that matter.  *See Id*. at 1.  As the Court previously explained, the proper respondent in a habeas corpus challenges to present physical confinement is the warden of the facility where the prisoner is being held.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005).

Based on these deficiencies, Young's Amended Petition is deemed insufficient, and the Court will not act upon it.  However, on the Court's own motion, Young will have until **May 24, 2024**, in which to file a second amended petition for writ of habeas corpus if he wishes to proceed with this case.  To be clear, if Young wants to proceed with this case, he must file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is (1) originally signed under the penalty of perjury, (2) identifies the grounds upon which he seeks habeas relief, and (3) names a proper respondent.  The Court will direct the Clerk of the Court to send to Young a copy of his Amended Petition, which Young can fill out completely and return to the Court if he wishes to pursue this case.  If Young fails to take any action by May 24, 2024, the Court will dismiss this case without prejudice and without further notice to Young.

### III.  APPEAL

As discussed above, the Appeal is not signed, and the Court seriously doubts that the Appeal was filed by Young or even with his knowledge and consent.  Because the Appeal is unsigned, it is deficient.  If Young wishes to pursue an interlocutory appeal of the Court's March 6, 2024, Memorandum and Order, then he must file a signed copy of the Appeal in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules by May 24, 2024.  If, however, Young does not wish to file an appeal and did not consent to the filing of the Appeal in the first place, then he does not need to file

a signed copy of the Appeal and he may inform the Court that he does not wish to proceed with the Appeal. **To be clear, if a signed copy of the Appeal is not filed, then the Court will strike the Appeal from the record without further notice and NO APPEAL WILL BE PROCESSED.**

IT IS THEREFORE ORDERED that:

1.      Young's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is denied as moot because the filing fee has been paid.

2.      The Amended Petition, Filing No. 4, is deemed insufficient and the Court will not act upon it.

3.      If Young wishes to proceed with this action as one brought pursuant to 28 U.S.C. § 2254, he must file a second amended petition for writ of habeas corpus that is originally signed under penalty of perjury no later than **May 24, 2024,** unless the Court extends the time in which he has to amend in response to a written motion. Young must set forth all his claims in his second amended petition for writ of habeas corpus and name a proper respondent. To that end, Young is encouraged to use the enclosed copy of his Amended Petition and fill out the form completely.

4.      Young also has until **May 24, 2024,** to file a signed copy of the Appeal, Filing No. 6, only if he wishes to pursue an interlocutory appeal of the Court's March 6, 2024, Memorandum and Order. Failure to file a signed copy of the Appeal will result in the Appeal being stricken from the record without further notice and no appeal being processed.

5.      If Young fails to respond to this order or file an amended petition, this matter will be dismissed without prejudice and without further notice to Young for the deficiencies described herein.

6.      The Clerk of the Court is directed to send to Young a copy of his Amended Petition, Filing No. 4, and a copy of the Appeal, Filing No. 6.

7.      To avoid confusion, any document Young sends to the Clerk of the Court for filing in this case must clearly display the case number (8:24CV79).

8.      The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 24, 2024**: deadline for amended petition and signed appeal.

9.      Any document hand-delivered or submitted to the Clerk of the Court by persons other than Young shall be referred to the Supervising Pro Se Judge for review before filing, and the Clerk of the Court is directed not to file any such document until this review has been completed.  The Supervising Pro Se Judge shall review any such tendered document, and if it is determined that the document was not signed by Young, such document will not be filed and will be returned to the sender with notice to Young.


Dated this 24th day of April, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge