IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVIN YOUNG,

                    Petitioner,                                    **8:24CV79**

          vs.

WHEELOCK, and  STATE OF NEBRASKA,          **MEMORANDUM AND ORDER**

                    Respondents.

This matter is before the Court on Petitioner's Notice of Appeal, Filing No. 6-1,[1] and a memorandum from the Clerk of the Court requesting a ruling as to Petitioner's authorization to proceed in forma pauperis on appeal and the issuance of a certificate of appealability, Filing No. 7.   For the reasons set forth below, the Court finds that, pursuant to 28 U.S.C. § 1915(a)(3), Petitioner may not take this appeal in forma pauperis and no certificate of appealability will be issued.

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a).  Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."   An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health*

---

[1] Upon filing, Petitioner's Notice of Appeal was unsigned.  Filing No. 6.  On April 24, 2024, the Court directed Petitioner to file a signed Notice of Appeal if he wished to pursue an appeal.  Filing No. 9. Petitioner filed his signed Notice of Appeal on May 13, 2024.  Filing No. 6-1.

*Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable.  *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978–79 (8th Cir. 1964).

The order from which Petitioner is attempting to appeal—the Court's order on initial review, Filing No. 3, dated March 6, 2024—is clearly not appealable.  The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291.  In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Petitioner is attempting to appeal from an order that is not appealable, the Court certifies that the appeal is not taken in good faith.

Lastly, a certificate of appealability is required to appeal from "the final order in a habeas corpus proceeding" brought pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2253(c)(1); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.      Petitioner may not proceed on appeal in forma pauperis.

2.      No certificate of appealability has been or will be issued.

Dated this 23rd day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge