IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN YOUNG,<br><br>             Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,[1]<br><br>             Respondents. | **8:24CV79**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Marvin Young's ("Young") Second Amended Petition for Writ of Habeas Corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254. Filing No. 12. For the reasons discussed below, it appears Young's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Young to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations.

## I. BACKGROUND

On a date not specified in the Petition, Young pleaded "no contest to all charges" in Douglas County, Nebraska, case number CR19-2671. Filing No. 12 at 1–2. According to Young's state court records, available to this Court online, Young pleaded no contest on March 1, 2022, to an amended information filed in Case No. CR19-2671 in the District Court of Douglas County, Nebraska ("state district court"), charging Young with manslaughter, a Class IIA felony, three counts of child abuse, Class IIIA felonies, and

---

[1] Young did not name a respondent in his Second Amended Petition, Filing No. 12, so the Court has supplied the appropriate respondent, Rob Jeffreys, the Director of the Nebraska Department of Correctional Services, as indicated to Young in the Court's March 6, 2024, Memorandum and Order. *See* Filing No. 3 at 2–3.

tampering with physical evidence, a Class IV felony. On April 28, 2022, the state district court sentenced Young to 19 to 20 years for manslaughter, 1 to 3 years on each of the child abuse counts, and 1 to 2 years' imprisonment for tampering with physical evidence with all sentences running consecutive to one another.[2]

Young alleges in his petition, and his state court records confirm, that he did not file a direct appeal from the judgment of conviction. *Id*. at 2. Though he also alleges he did not file a motion for postconviction relief, *see Id*. at 3, Young's state court records show that he filed five motions for postconviction relief on February 27, March 14, June 13, and June 17, 2024. On July 25, 2024, the state district court entered an order dismissing all of Young's postconviction motions because none of them were verified.[3]

Young filed his habeas petition in this court on February 27, 2024. Filing No. 1. After the Court found both the initial petition and first amended petition deficient, *see* Filing No. 3; Filing No. 9, Young filed his operative Petition on May 24, 2024, and, after Young's interlocutory appeal concluded, *see* Filing No. 6; Filing No. 18; Filing No. 19, the Court ordered Young to correct the signature deficiency in the Petition, Filing No. 20, which he did on August 23, 2024, Filing No. 12-1. This Court's records reflect that this is Young's first attempt at federal habeas corpus relief. Liberally construed, Young claims he received ineffective assistance of counsel because his attorney "conspired with the prosecution[]" to deprive Young of his speedy trial rights. Filing No. 12 at 5.

---

[2] See attached sentencing order for *State v. Marvin Young*, CR19-2671, District Court of Douglas County, Nebraska, at https://www.nebraska.gov/justice/case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

[3] See attached July 25, 2024, order in *State v. Marvin Young*, CR19-2671, District Court of Douglas County, Nebraska, at https://www.nebraska.gov/justice/case.cgi.

2

## II. DISCUSSION

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

In the present case, it appears from the face of the petition that Young's claim is barred by the statute of limitations because the Petition was filed more than one year after Young's judgment became final. See 28 U.S.C. § 2244(d)(1). Young's conviction became final on May 31, 2022, upon the expiration of the 30-day appeal period after the state district court filed its sentencing order on April 28, 2022.[4] See Neb. Rev. Stat. § 25-

---

[4] Thirty days after April 28, 2022, fell on May 28, 2022, which was a Saturday. The following Monday, May 30, 2022, was Memorial Day so Young would have had until the next business day, May 31, 2022, to file an appeal.

3

1912(1); see also In re Interest of J.A., 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); State v. Yos-Chiguil, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Accordingly, the one-year limitations period began to run from May 31, 2022, and Young had until May 31, 2023, to file his habeas petition. Young did not file his habeas petition in this Court until February 27, 2024, almost nine months after the limitations period expired. Young's motion for postconviction relief filed simultaneously in the state district court on February 27, 2024, did not toll the limitations period as it had already expired prior to the motion's filing. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, absent other sufficient tolling or an equitable exception, any claims related to Young's convictions or sentences are barred by the statute of limitations.

Accordingly,

IT IS ORDERED that:

1.      Young is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations. Failure to respond to this order will result in dismissal of this action without further notice to Young for the reasons explained above.

2.      The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **December 27, 2024**: check for response to show cause order.

3. The Clerk of Court is further directed to update the Court's records to reflect that Rob Jeffreys is the sole proper respondent in this action.

Dated this 27th day of November, 2024.

BY THE COURT:

*signature*

Joseph F. Bataillon
Senior United States District Judge

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| THE STATE OF NEBRASKA, | ) | CASE NO. CR-19-2671 |
| Plaintiff, | ) | |
| vs. | ) | **SENTENCING ORDER** |
| MARVIN L. YOUNG, | ) | **AND MITTIMUS** |
| Defendant. | ) | |

This matter came on for sentencing on April 28, 2022. The State appeared by Ms. Brenda Beadle, Esq., Deputy County Attorney, and the Defendant was present in court with Counsel Mr. Thomas Riley, Esq., Douglas County Public Defender, Ms. Abbi Romshek, Esq., and Ms. Mikki Jerabek, Esq., Assistant Douglas Public Defenders. The Defendant was informed of his conviction for the crimes of:

**Count I:** **Manslaughter a Class IIA Felony**

**Count II:** **Child Abuse a Class IIIA Felony**

**Count III:** **Child Abuse a Class IIIA Felony**

**Count IV:** **Child Abuse a Class IIIA Felony**

**Count V:** **Tampering with Physical Evidence a Class IV Felony**

The Defendant stated no reason why sentence should not be passed against him.

It is therefore the judgment and sentence of the Court that the Defendant shall be imprisoned under the jurisdiction of the Nebraska Department of Correctional Services for a period of:

**Count I: Manslaughter, a Class IIA Felony - Nineteen (19) years to twenty (20) years.**

#37 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
APR 2 8 2022
JOHN M. FRIEND
CLERK DISTRICT COURT

1


002304260D01

**Count: II: Child Abuse, a Class IIIA Felony** – one (1) year to three (3) years.

**Count III: Child Abuse, a Class IIIA Felony** – one (1) year to three (3) years.

**Count IV: Child Abuse, a Class IIIA Felony** – one (1) year to three (3) years.

**Count V: Tampering with Physical Evidence Class IV Felony** - one (1) year to two (2) years.

**Count I, Count II, Count III, Count IV, and Count V, are to run CONSECUTIVE to one another.**

**The Defendant is given credit for 1,487 days served.**

The Defendant will provide a sample of his DNA. Bond, if any, is released and exonerated.

Commitment entered accordingly.

IT IS SO ORDERED.

Dated this 28th day of April 2022.

BY THE COURT:

HORACIO J. WHEELOCK
DISTRICT COURT JUDGE

2

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on April 29, 2022 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Thomas C Riley
thomas.riley@douglascounty-ne.gov

Mikki C Jerabek
mikki.jerabek@douglascounty-ne.gov

Abbi R Romshek
abbi.romshek@douglascounty-ne.gov

Brenda D Beadle
brenda.beadle@douglascounty-ne.gov

NEWS Agency - KETV
NEWS@KETV.com

News Agency WOWT - 6 News
sixonline@wowt.com

Date: April 29, 2022      BY THE COURT: _John M. Friend_
                                         CLERK

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | Case No. CR 19-2671 |
| Plaintiff, | ) | |
| vs. | ) | **ORDER DISMISSING THE POSTCONVICTION MOTION BECAUSE THE MOTION IS NOT VERIFIED** |
| MARVIN YOUNG, | ) | |
| Defendant. | ) | |



#5 FILED
District Court
DOUGLAS COUNTY, NEBRASKA
JUL 25 2024
CLERK DISTRICT COURT

THIS MATTER is before the Court on Marvin Young's ("Ms. Young") Motions for Postconviction Relief. The Court notes that the February 27, 2024 Motion for Post-Conviction Relief is not verified. Ex. A. The Court notes that the March 14, 2024 Motion for Post-Conviction Relief is not verified. The Court notes that the two June 13, 2024 Motions for Post-Conviction Relief are not verified. The Court notes that the June 17, 2024 Motion for Post-Conviction Relief is not verified.

The Nebraska Supreme Court has stated that "the Nebraska Postconviction Act provides that postconviction relief is available to 'a prisoner in custody under sentence' who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. York*, 278 Neb. 306, 770 N.W. 2d 614 (2009) (quoting Neb. Rev. Stat. § 29-3001). The court further explained that the "Nebraska Postconviction Act affords relief only to prisoners who are in custody, on parole, or on probation in Nebraska under a Nebraska sentence." *Id.*

The Nebraska Supreme Court has held that a trial court in its initial review of the Postconviction motion could properly dismiss a motion for Postconviction



1

relief for failure to be verified. See *State v. Burries*, 310 Neb. 688, 969 N.W. 2d 96 (2022). The Court dismisses Ms. Young's Motions for Postconviction Relief because none of them are verified.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Mr. Young's February 27, 2024 Motion for Postconviction Relief is dismissed because it is not verified.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Young's March 14, 2024 Motion for Postconviction Relief is dismissed because it is not verified.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that both of Mr. Young's June 13, 2024 Motions for Postconviction Relief are dismissed because they are not verified.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Young's June 17, 2024 Motion for Postconviction Relief is dismissed because it is not verified.

**IT IS SO ORDERED.**

Dated this 25th day of July 2024.

BY THE COURT:

HORACIO J. WHEELOCK
DISTRICT COURT JUDGE

Cc:   Mr. Anthony Clowe, Esq.

      Mr. Marvin Young (self-represented litigant) Inmate #214908
      Nebraska State Penitentiary
      P.O. Box 22500
      Lincoln, NE  68542-2500

3

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on July 26, 2024, I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Marvin L Young #214908  
NSP - 4201 S 14th St.  
Lincoln, NE 68509-0000

Brenda D Beadle  
brenda.beadle@douglascounty-ne.gov

NEWS Agency - KETV  
NEWS@KETV.com

News Agency WOWT - 6 News  
sixonline@wowt.com

Date: July 26, 2024    BY THE COURT: _Crystal Rhoades_  
CLERK